Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3520
New York, New York 10165
(212) 983-1077
Attorneys For Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| CLAUDIA WOODARD and ELISE LAWLESS, : | 09 CIV. 3000 (BSJ) (AJP) |
| Plaintiffs,                          : | |
| - against -                          : | |
| TWC MEDIA SOLUTIONS, INC. and        : | |
| THE WEATHER CHANNEL,                   | |
|                                      : | |
| Defendants.                            | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF WOODARD'S**

**MOTION TO REVIEW AND VACATE THE CLERK'S TAXATION OF COSTS**

## INTRODUCTION[1]

Goldberg & Fliegel LLP, attorneys for Plaintiff Claudia Woodard, respectfully submits this Memorandum of Law in Support of Plaintiff Woodard's Motion to Review and Vacate the Clerk's Taxation of Costs under Fed. R. Civ. P. 54(d) ("Rule 54(d)") and Local Civil Rule 54.1.

The Court should vacate the Clerk's taxation to Plaintiff Woodard of costs not allowable under applicable statute, rule and caselaw, including taxation of the unapportioned costs of deposition transcripts of witnesses not necessary for use by Defendants in their defense of Plaintiff Woodard's claims, the costs of expedited deposition transcripts, and other unallowable costs.

## BACKGROUND

This action was filed in March 2009 by Plaintiffs Claudia Woodard and Elise Lawless, raising separate allegations of discrimination, harassment and retaliation under the permissive joinder provisions of Fed. R. Civ. P. 20(a)(1), and the Complaint was amended in April 2009. (Complaint [Civil Docket No. 1]; First Amended Complaint [Civil Docket No. 3]). Plaintiff Woodard alleged discrimination based on sex, race, color and national origin and retaliation and Plaintiff Lawless alleged discrimination based on sex, pregnancy and disability and retaliation. (First Amended Complaint [Civil Docket No. 3] ¶¶ 31, 32). Each Plaintiff's separate factual allegations were set forth in detail in the First Amended Complaint. (First Amended Complaint [Civil Docket No. 3] ¶¶ 38-77 as to Plaintiff Woodard, ¶¶ 78-109 as to Plaintiff Lawless).

Defendants deposed Plaintiff Woodard on September 1 and 3, 2009, Plaintiff Lawless on September 10, 11 and 14, 2009, witness Monihan on September 25, 2009 and witnesses Jolly and Monson on September 29, 2009. (Goldberg Decl., Exhibits E–I). On November 3, 2009—more than a month after taking the last of these depositions—Defendants submitted a motion for

---

[1] References to "Goldberg Decl." are to the Declaration of Plaintiff's Counsel Kenneth A. Goldberg in Support of Plaintiff Woodard's Motion to Review and Vacate the Clerk's Taxation of Costs under Fed. R. Civ. P. 54(d) and Local Civil Rule 54.1 dated May 16, 2001 filed herewith; references to the "Civil Docket" are to the Civil Docket Sheet and for the Court's convenience that document is filed as Exhibit A to the Goldberg Decl.

summary judgment solely as to Plaintiff Woodard. (Civil Docket No. 36).  The Court granted Defendants' motion on January 4, 2011.  (Civil Docket No. 51).

On April 27, 2011, Defendants submitted a Bill of Costs seeking recovery from Plaintiff Woodard of costs for items related to the depositions of Plaintiffs Lawless and Woodard and witnesses Jolly, Monihan and Monson, including expenses for "Reporters Appearance," "Delivery," "PM pages," "Immediate Rough ASCII," "Video Minimum," "DVD Video (MPEG2)," "Video Delivery," and "Sales Tax " as well as for <u>expedited</u> transcripts of the depositions of Plaintiff Lawless and of witnesses Jolly, Monihan and Monson.  (Goldberg Decl., Exhibit B).

The total amount sought by Defendants was $13,374.31.  In contrast, the invoices received by Plaintiffs for the transcripts of the same five depositions was roughly one-third of the amount sought by Defendants — or only $4,529.20.  (Goldberg Decl., Exhibit D).

On May 9, 2001, the parties appeared before the Judgments Clerk.  The Clerk immediately recognized that Defendants were seeking recovery of costs not provided for by Fed. R. Civ. P. 54 — i.e.,  "Reporters Appearance," "Delivery," "PM pages," "Immediate Rough ASCII," "Video Minimum," "DVD Video (MPEG2)," "Video Delivery," and "Sales Tax."   The Clerk denied Defendants' request for these items ($2,834.61). However, the Clerk did tax Plaintiff Woodard the amount of $10,539.70.  (Goldberg Decl., Exhibit C).

Plaintiff Woodard maintains that the Clerk's taxation of such sum is improper because, among other items, it includes the amount submitted by Defendants for costs incurred in defending against Plaintiff Lawless's claims and costs for <u>expedited</u> transcripts of the depositions of Plaintiff Lawless and of witnesses Jolly, Monihan and Monson.  In addition, the Clerk <u>failed to apportion</u> costs to reflect the permissive joinder of the Plaintiffs and taxed Plaintiff Woodard deposition and other costs that Defendants incurred that were not necessary to Defendants' defense of Plaintiff Woodard's claims.

For the reasons set forth herein, Plaintiff Woodard seeks review by the District Court and vacation of the amount taxed by the Judgments Clerk.

## POINT ONE

## STANDARDS FOR RECOVERY OF DEPOSITION TRANSCRIPT COSTS

### A.  General Standard

"Unless otherwise ordered by the court, the original transcript of a deposition, plus one copy, is taxable if the deposition was [ . . . ] used by the court in ruling on a motion for summary judgment or other dispositive substantive motion.  Costs for depositions taken solely for discovery are not taxable."  Local Civil Rule 54.1(c)(2) (elaborating on Fed. R. Civ. P. 54(d)(1), which allows for the award of costs other than attorneys' fees to the prevailing party).  The prevailing party must demonstrate the amount of its costs and that they fall within an allowable category of taxable costs.  Zacharowicz v. Nassau Health Care Corp., No. 02-CV-4510, 2007 U.S. Dist. LEXIS 20946, at *4-5 (E.D.N.Y. Mar. 22, 2007) (Townes, J.), citing Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001).

The award of costs is within the Court's sound discretion and the Court may disallow costs that are taxable.  Catalano v. Lynbrook Glass & Architectural Metals, No. 06-CV-2907 (JFB) (AKT), 2009 WL 4342507 at *2 (E.D.N.Y. Dec. 1, 2009) (Bianco, J.) ("it is well settled that the district court has the discretion to deny costs that are otherwise properly taxable if equitable considerations warrant such a result"), citing Moore v. County of Delaware, 586 F.3d 219, 221  (2d Cir. 2009) (discussing the equitable considerations under Rule 54 in the context of a motion for costs under Fed. R. App. P. 39).

### B.  Costs of Expedited Transcripts Not Allowable

The cost of expedited transcripts in connection with summary judgment motions may not be taxed unless the prevailing party provides heightened showing of the unique circumstances that demanded expedition.  India.Com, Inc. v. Dalal, No. 02 Civ. 0111 (DLC), 2010 WL 2758567 at *2 (S.D.N.Y.  July 13, 2010) (Cote, J.), citing Ferrostaal v. M/V Tupungato, Nos. 03

Civ. 4885, 03 Civ. 6236(MGC), 2008 WL 2796644 at *2 (S.D.N.Y. July 17, 2008) (Cedarbaum, J.); see, e.g., Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd., No. 09 Civ. 2570 (HB), 2009 WL 5173787 at *5 (S.D.N.Y. Dec. 30, 2009) (Baer, J.) (denying expedited transcript costs); Gottlieb v. Simon, No. 97 Civ. 1019 (JSR), 1999 WL 993700 at *1 (S.D.N.Y. Nov. 2, 1999) (Rakoff, J.) (same).

### C.    Costs May Be Apportioned Among the Parties

Further, "[i]n proper cases the costs may be apportioned among the parties." 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2668, at 243 (3d ed. 1998), citing Air Crash Disaster at John F. Kennedy Int'l Airport, 687 F.2d 626 (2d Cir. 1982) (when non-settling plaintiffs did not object to a provision that the settling plaintiffs expressly waived the costs to which they might have been entitled, the non-settling plaintiffs were entitled only to their proportionate share of allowable expenses incurred on behalf of all plaintiffs); see also Koster v. Perales, 903 F.2d 131, 139 (2d Cir. 1990) (stating that attorneys' fee allocation is in discretion of Court and that "the district court should make every effort to achieve the most fair and sensible solution that is possible") (citation and internal quotations omitted); see also, e.g., In re Paoli RR Yard PCB Litigation, 221 F. 3d 449, 469 (3d Cir. 2000), citing Electronic Specialty Co. v. International Controls Corp., 47 F.R.D. 158, 160 (S.D.N.Y. 1969) (holding that "despite the general rule that where there are several plaintiffs who join together each is individually liable for all the costs and not merely for his pro rata share," "it is in the interest of justice for [the] defendant to seek no more than one-third of the awarded costs from" plaintiffs #1 or #2, because the evidence introduced by plaintiff #1 and #2 established that the defendant would not seek to collect the proportionate share from plaintiff #3)").

### D.    Deposition-Related Fees That Are Not Transcript Fees Are Not Allowable

"[C]ertain associated fees that are not necessary generally may not be taxed — for example, expedited service, delivery costs, appearance fees, and rough diskettes and/or ASCII disks." Farberware, 2009 WL 5173787 at *5 (citation omitted).

## POINT TWO

## THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR RECOVERY OF COSTS OF THE TRANSCRIPT OF THE DEPOSITION OF PLAINTIFF LAWLESS

The Court should deny Defendants' request to recover from Plaintiff Woodard the full cost of the transcripts of the deposition of Plaintiff Lawless. Defendants indisputably deposed Plaintiff Lawless for several days, and incurred the cost of doing so because Ms. Lawless was a Plaintiff in this lawsuit and to defend against Plaintiff Lawless's discrete claims in this matter. Defendants now improperly seek to shift the cost of Plaintiff Lawless's deposition to Plaintiff Woodard. It cannot be disputed that Defendants deposed Plaintiff Lawless to defend against Plaintiff Lawless's discrete claims. In fact, Defendants submitted only four pages from Plaintiff's Lawless's multi-day 547-page deposition transcript in their motion for summary judgment as to Plaintiff Woodard. (Civil Docket No. 27). To seek to recover from Plaintiff Woodard the full cost of a deposition from an other permissively-joined plaintiff with discrete claims is inequitable and Defendants' request should be denied. See, e.g., 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2668, at 243 (3d ed. 1998), citing Air Crash Disaster, 687 F.2d 626 (when non-settling plaintiffs did not object to a provision that the settling plaintiffs' expressly waived the costs to which they might have been entitled, the non-settling plaintiffs were entitled only to their proportionate share of allowable expenses incurred on behalf of all plaintiffs); see also Koster, 903 F.2d 131, 139 (stating that attorneys' fee allocation is in discretion of Court and that "the district court should make every effort to achieve the most fair and sensible solution that is possible") (citation and internal quotations omitted); see also, e.g., In re Paoli RR Yard PCB Litigation, 221 F. 3d 449, 469, citing Electronic Specialty Co., 47 F.R.D. 158, 160 (holding that "despite the general rule that where there are several plaintiffs who join together each is individually liable for all the costs and not merely for his pro rata share," "it is in the interest of justice for [the] defendant to seek no more than one-third of the awarded costs

from" plaintiffs #1 or #2, because the evidence introduced by plaintiff #1 and #2 established that the defendant would not seek to collect the proportionate share from plaintiff #3)").

### POINT THREE
### THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR RECOVERY OF THE COSTS OF THE TRANSCRIPTS OF THE DEPOSITIONS OF WITNESSES JOLLY, MONIHAN AND MONSON

The Court should deny Defendants' request to recover from Plaintiff Woodard the costs of transcripts of the depositions of witnesses Jolly, Monihan and Monson.  At a minimum, Defendants' request should be denied as to the portions of those depositions taken to defend against Plaintiff's Lawless's claims against Defendants.  (See Point Two above).  In Defendants' motion for summary judgment, Defendants included as exhibits and used no more than three pages of Monson's 156-page deposition transcript, no more than five pages of Jolly's 147-page transcript, and no more than 20 pages of Monihan's 273-page deposition transcript (excluding the cover page).  (Civil Docket No. 27).  The cost of such 28 pages is relatively small in contrast to the amount requested by Defendants. It would be inequitable for the Court to allow Defendants to shift such deposition costs to Plaintiff Woodard from Plaintiff Lawless, and Defendants' request for the costs of the deposition transcripts of such witness against Plaintiff Woodard should be denied or reduced proportionately to their applicable use in connection with Plaintiff Woodard's case.

### POINT FOUR
### THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR RECOVERY OF COSTS OF THE EXPEDITED DEPOSITION TRANSCRIPTS

The Court should vacate the Clerk's taxation and deny Defendants' request to recover the costs for the expedited deposition transcripts of Monihan, Jolly, Monson and Lawless. (Goldberg Decl., Exhibit B [Invoice Nos. 20093247EU (Monihan), 20093309EU (Monson), 20093325EU (Jolly),  20093065EU, 20093067EU and 20093069EU (Lawless)]).

First, Defendants have not established the heightened showing that expediting transcripts was necessary.  India.Com, 2010 WL 2758576 at *2.  This lawsuit was commenced in March 2009 and amended in April 2009.  Defendants deposed Plaintiff Woodard on September 1 and 3, 2009, Plaintiff Lawless on September 10, 11 and 14, 2009, witness Monihan on September 25, 2009 and witnesses Jolly and Monson on September 29, 2009 (Goldberg Decl., Exhibits E–I) — the latest of these occurring more than a month before Defendants filed their motion for summary judgment as to Plaintiff Woodard (Civil Docket No. 36).  Compare Gottlieb, 1999 WL 993700 at *1 (denying expedited transcript costs where deadline for summary judgment motions was September 29 and depositions for which expedited transcripts were ordered were held on September 2-3 and 5-6).  Further, because this action was commenced in March 2009 (and amended in April 2009), Defendants could have scheduled such depositions earlier. Id. (noting that defendants should have scheduled depositions earlier).

Second, Defendants have not provided any indication of non-expedited costs of the transcripts of the depositions of Monihan, Jolly, Monson and Lawless.  (Goldberg Decl., Exhibit B [Invoice Nos. 20093247EU (Monihan), 20093309EU (Monson), 20093325EU (Jolly), 20093065EU, 20093067EU and 20093069EU (Lawless)]). Therefore, Defendants have neither demonstrated the amount of their costs nor that such costs fall within an allowable category of taxable costs.  Zacharowicz, 2007 U.S. Dist. LEXIS 20946, at *4-5, citing Whitfield, 241 F.3d 264, 270. Accordingly, the Court should deny Defendants' request for costs of the depositions of Monihan, Jolly, Monson and Lawless.

If the Court is inclined to award Defendants any costs relating to the transcripts of the depositions of Monihan, Jolly, Monson and Lawless, the Court should award at the most one-half the cost of such non-expedited transcripts invoiced to Plaintiffs for the same depositions (i.e., one-half of $4,529.20).  The Court should then deduct therefrom the amount invoiced for the Plaintiff Lawless deposition, which was taken by Defendants for purposes of defending against

Plaintiff Lawless's claims (i.e., $1,396.20), for an aggregate amount of no more than $868.40. (See Goldberg Decl., Exhibit D).

## POINT FIVE

## THE COURT SHOULD DENY DEFENDANTS' REQUEST TO RECOVER NON-ALLOWABLE COSTS

Defendants' Bill of Costs dated April 27, 2011 seeks recovery from Plaintiff Woodard of costs for items related to the depositions of Plaintiffs Woodard and Lawless and of witnesses Jolly, Monihan and Monson, including expenses for "Reporters Appearance," "Delivery," "PM pages," "Immediate Rough ASCII," "Video Minimum," "DVD Video (MPEG2)," "Video Delivery," and "Sales Tax. (Goldberg Decl., Exhibit B). The total amount sought by Defendants was $13,374.31. In contrast, the invoices received by Plaintiffs for the transcripts of the same depositions was roughly one-third of the amount sought by Defendants—or only $4,529.20. (Goldberg Decl., Exhibit D). The Court should deny Defendants' request for such alleged costs. See, e.g., Farberware, 2009 WL 5173787 at *5 ("[e]ven where the cost of a deposition transcript itself will be taxable under these standards, certain associated fees that are not necessary generally may not be taxed — for example, expedited service, delivery costs, appearance fees, and rough diskettes and/or ASCII disks") (citation omitted). At most, the Court should award only the actual cost that Plaintiff incurred for the same transcripts—less the amount apportionable to Defendants' defense against Plaintiff Lawless's discrete claims. (Goldberg Decl., Exhibit D).

## CONCLUSION

The Court should vacate the Clerk's taxation of Defendants' costs. Defendants' Bill of Costs requests costs that are not taxable based upon Fed. R. Civ. P. 54 and Local Civil Rule 54.1 and relevant case law. Defendants request more than $13,000 in alleged deposition transcript costs, when the same transcripts cost Plaintiffs only about 1/3 of that amount. Defendants are not even entitled to the amount incurred by Plaintiffs for such transcripts for the reasons noted above.

Dated: New York, New York
       May 16, 2011

By: /s/ Kenneth A. Goldberg
Kenneth A. Goldberg (KG 0295)
Goldberg & Fliegel LLP
60 East 42nd Street, Suite 3520
New York, New York 10165
(212) 983-1077
Counsel for Plaintiffs